**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| KARL MASEK, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-03574 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 13, 14, 18, 20, 21, |
| | : | | 23, 27, 28 |
| UNITED STATES OF AMERICA, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR
RECUSAL, DENYING PLAINTIFF'S OTHER MOTIONS

**I.  INTRODUCTION**

Plaintiff Karl Masek, proceeding *pro se*, has filed a complaint against many defendants including Defendant United States ("Defendant"), for "past stalking," seeking an injunction for "future stalking," and for conspiracy under 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2) and (3). Defendant has moved to dismiss Mr. Masek's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Mr. Masek has also filed a series of motions and other filings, including a motion for recusal, motion for leave to proceed in forma pauperis, motion to issue summons, motion for peremptory writ of mandate, motion for reconsideration, and two motions to take judicial notice.  The Court will, for the reasons explained below, (1) grant Defendant's motion to dismiss, (2) deny Mr. Masek's motion for recusal, and (3) deny Mr. Masek's other motions.

## II.  FACTUAL BACKGROUND

Mr. Masek alleges a sprawling and often unclear fact pattern of conspiracy and misconduct by federal and state government officials.[1]  Amended Complaint ("Amend. Compl."), ECF No. 20-3.[2]  From what the Court can understand from the allegations, Mr. Masek claims that between 2001 and 2023, California state and other government officials stalked and harassed him in the state of California and followed him out of the state.  *Id.* ¶¶ 3–5, at 3.[3]  Mr. Masek alleges that he feared "for his safety" due to unnamed defendants' "verbal threats."  *Id.* ¶ 5, at 4.  Further, Mr. Masek alleges that he made numerous demands that the officials stop their stalking, yet "defendants persisted in their pattern of conduct."  *Id.* ¶¶ 7–8, at 4.  He is seeking an injunction for future stalking because he "is informed and believes . . . that defendant will continue in the future the pattern of conduct as described in this complaint unless restrained and enjoined by this [C]ourt."  *Id.* ¶ 11, at 5.  He also alleges that federal government officials conspired to interfere with his litigation by "attempt[ing] to dissuade, interfere, and harass plaintiff from performing his duties, as civil prosecution" in violation of 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2) and (3).  *Id.* ¶¶ 1, 7, 8, at 6–7.

Mr. Masek filed his initial complaint in November 2022.  Complaint, ECF No. 1.  Mr. Masek's complaint named a large number of defendants, but only Defendant, the United States,

---

[1] Mr. Masek's original complaint made additional legal claims and contained additional facts.  However, for the purposes of this motion to dismiss, "the Court is limited to the Amended Complaint, which supersedes the facts or claims stated in Plaintiff's Complaint[.]"  *Allen v. Mnuchin*, No. 18-cv-1214, 2019 WL 2581323, at *1 n.3 (D.D.C. June 24, 2019) (internal citations omitted).  As such, the Court will only consider the contents of the amended complaint in ruling on the motion to dismiss.

[2] Mr. Masek's amended complaint was originally filed as ECF No. 19; however, ECF No. 19 is missing pages of the amended complaint due to a clerical error.  Defendant has attached the complete copy it received to its motion to dismiss as ECF No. 20-3.

[3] The amended complaint repeats paragraph numbers in different sections, so the Court refers to both paragraph number and page number for clarity.

was properly served and made an appearance in the case. *See* Notice of Appearance, ECF No. 5. Defendant subsequently filed a motion to dismiss; however, before the Court decided the motion, Mr. Masek filed an amended complaint in September 2023. Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, ECF No. 10; *see* Amend. Compl. Defendant filed a new motion to dismiss in response to Mr. Masek's amended complaint. Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, ECF No. 20; Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mot. Dismiss"), ECF No. 20-1. Mr. Masek opposes Defendant's motion. Plaintiff's Opposition to Defendants [sic] Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 29.

While this case has been pending, Mr. Masek has filed a series of motions including a motion for recusal, motion for leave to proceed in forma pauperis, motion to issue summons, motion for peremptory writ of mandate, motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6), and two motions for judicial notice. Plaintiff's Motion for Recusal and Disqualification ("Pl.'s Mot. Recusal"), ECF No. 13; Plaintiff's Application to Proceed in Forma Pauperis ("Pl.'s Mot. in Forma Pauperis"), ECF No. 18; Plaintiff's Motion to Issue Summons ("Pl.'s Mot. Summons"), ECF No. 21; Plaintiff's Motion for Peremptory Writ of Mandate ("Pl.'s Mot. Writ Mandate"), ECF No. 23; Plaintiff's Motion for Catch All Provisions Pursuant to Fed. R. Civ. P. 60(b)(6) ("Pl.'s Mot. Reconsideration"), ECF No. 27; Plaintiff's Motion for Judicial Notice ("Pl.'s First Mot. Judicial Notice"), ECF No. 14; Plaintiff's Motion for Judicial Notice ("Pl.'s Second Mot. Judicial Notice"), ECF No. 28.

Defendant has opposed Mr. Masek's motions. Defendant's Opposition to Plaintiff's Motions for Disqualification, Recusal, and Judicial Notice ("Def.'s Opp'n Recusal and Judicial Notice"), ECF No. 15; Defendant's Opposition to Plaintiff's Motion for Peremptory Writ of

Mandate ("Def.'s Opp'n Writ Mandate"), ECF No. 26; Defendant's Opposition to Plaintiff's Motion for Reconsideration and Judicial Notice ("Def.'s Opp'n Reconsideration and Judicial Notice"), ECF No. 30.  All of these motions are now before the Court.

### III.  LEGAL STANDARDS

#### A.  *Pro Se* Plaintiff

The pleading of a *pro se* party is interpreted liberally and is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even *pro se* parties must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) ("if plaintiff is asserting a claim for constitutional violations he should do so with the requisite specificity, so as to give defendants notice, plead the involvement of each defendant and clarify what constitutional right has been violated.").  A *pro se* complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *Johnson v. Cookson*, No. 23-cv-01164, 2023 WL 3433968, at *1 (D.D.C. May 9, 2023) ("When a 'complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments,' it does not fulfill the requirements of Rule 8." (cleaned up) (quoting *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017))); *see also Utterback v. Geithner*, 754 F. Supp. 2d 52, 54–55 (D.D.C. 2010) (finding that *pro se* plaintiffs failed to "present a claim on which the court can grant relief" because the complaint contains "disjointed, mostly incoherent, allegations." (internal quotation marks omitted) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002))).

4

## B. Recusal

It is imperative that "federal judges . . . maintain the appearance of impartiality," to foster "public confidence in the integrity and independence of judges." *United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001). "[T]o safeguard the integrity of judicial proceedings, the United States Constitution, federal statutory law, and codes of judicial conduct each outline standards for when a judge may—or, in some cases, must—remove herself from a case." *Stone v. U.S. Embassy Tokyo*, No. 19-cv-3273, 2020 WL 5653699, at *1 (D.D.C. Sept. 23, 2020), *aff'd*, No. 20-5360, 2021 WL 2255016 (D.C. Cir. May 17, 2021); *see also Microsoft Corp.*, 253 F.3d at 113–15. Due process requires recusal "when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The objective analysis, therefore, examines whether "the average judge" in such a position would be biased. *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (internal quotation marks and citation omitted).

The Supreme Court has recognized that the U.S. Constitution mandates recusal only in "extraordinary situation[s]" or when there are "extreme facts." *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 887 (2009) (finding an extraordinary situation, such that recusal was warranted, where the chairman of defendant company donated $3 million to the judge's campaign while the case was pending). More commonly, questions of recusal are statutory in nature. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("these questions [about a judge's ability to hear a case] are, in most cases, answered by common law, statute, or the professional standards of the bench and bar."). A judge's duty to sit when not disqualified is equally strong as

his duty to recuse himself where disqualified. *See SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010).

28 U.S.C. § 455 prioritizes the appearance of partiality and requires recusal in "any proceeding in which . . . impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, courts use an objective, "reasonable person" standard to ask, "whether a reasonable and informed observer would question the judge's impartiality." *Microsoft Corp.*, 253 F.3d at 114. Section 455(b)(3) delineates circumstances requiring recusal for a judge who previously "served in governmental employment," including when a judge "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3); *In re Hawsawi*, 955 F.3d 152, 158 (D.C. Cir. 2020); *see also Stone*, 2020 WL 5653699, at *2 (holding that a "previous position[] with the Civil Division of the U.S. Attorney's Office for the District of Columbia" does not support recusal where the judge "never worked on this case." (citation omitted)).

Section 455(b) also requires recusal when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). However, "bald allegations of bias or prejudice" do not justify recusal. *Jordan v. U.S. Dep't of Just.*, 315 F. Supp. 3d 584, 591 (D.D.C. 2018) (citation omitted); *see also In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) (holding that "conclusory, unsupported, or tenuous allegations" do not support recusal (citation omitted)). Instead, the movant must demonstrate "actual bias or prejudice based upon an extrajudicial source." *Tripp v. Exec. Off. of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000). Alternatively, "in rare cases where no extrajudicial source is involved," the movant must show a

"deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (citation omitted).

### C.  Rule 12(b)(1)

Federal district courts have "limited jurisdiction," and, as such, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(b)(1) "plaintiffs bear the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004).  With a Rule 12(b)(1) motion to dismiss, the court will "assume the truth of all material factual allegations" and "grant[] [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi,* 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, when assessing a motion to dismiss under a Rule 12(b)(1) motion, facts require "closer scrutiny" than in a Rule 12(b)(6) motion because subject matter jurisdiction involves the power of the court to hear the case.  *Auleta v. U.S. Dep't of Just.*, 80 F. Supp. 3d 198, 201 (D.D.C. 2015) (internal quotation marks omitted) (quoting *Aref v. Holder*, 774 F. Supp. 2d 147, 159 (D.D.C. 2011)).

Moreover, the Court may invoke Rule 12(b)(1) to dismiss complaints that are "'patently insubstantial,' presenting no federal question suitable for decision." *Walsh v. Comey*, 118 F. Supp. 3d 22, 25 (D.D.C. 2015) (quoting *Best v. Kelly,* 39 F.3d 328, 330 (D.C. Cir. 1994)).  A complaint is "patently insubstantial" if the allegations are "essentially fictitious," or if a court finds the claims to be "wholly insubstantial or frivolous." *See id.*; *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 232 (D.D.C. 2007) (internal quotation marks and citations omitted).  Accordingly, "bizarre conspiracy theories" and "fantastic government manipulations" are

7

examples of claims that could be dismissed for lack of subject matter jurisdiction.  *See Best*, 39 F.3d at 330.

Generally, the doctrine of sovereign immunity immunizes the United States from lawsuits for money damages unless Congress explicitly waives immunity.  *Maxberry v. Dep't of the Army, Bd. of Corr. of Mil. Recs.*, 952 F. Supp. 2d 48, 50–51 (D.D.C. 2013).  If sovereign immunity is not waived, the court lacks subject matter jurisdiction to hear "claims against federal defendants for monetary damages."  *Bond v. U.S. Dep't of Just.*, 828 F. Supp. 2d 60, 74 (D.D.C. 2011); *see also Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1216 (D.C. Cir. 1997).

The Federal Tort Claims ("FTCA") is a limited waiver of sovereign immunity which allows plaintiffs to bring actions against the federal government for money damages.  28 U.S.C. § 1346(b)(1).  Plaintiffs can use the FTCA to bring a claim when government employees, acting "within the scope" of their employment commit a "negligent or wrongful act."  *Id.*  To bring a claim under the FTCA, plaintiffs must first exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a).  *See Detar v. United States*, 174 F. Supp. 3d 566, 569 (D.D.C. 2016).  Failure to exhaust administrative remedies requires a court to dismiss the FTCA claim for lack of subject matter jurisdiction.  *See id.*; *Abdurrahman v. Engstrom*, 168 Fed. App'x 445, 445 (D.C. Cir. 2005).

### D.  Rule 12(b)(6)

The Federal Rules of Civil Procedure require that plaintiffs submit a complaint that contains "a short and plain statement of the claim" that provides defendants with adequate notice.  Fed. R. Civ. P. 8(a)(2); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).  The purpose of Rule 12(b)(6) is not to determine whether a claim is likely to

succeed, but only to determine if a claim has been properly stated.  *Fletcher v. U.S. Dep't of Just.*, 17 F. Supp. 3d 89, 92 (D.D.C. 2014).  A court must take the factual allegations in the complaint as true and construe the facts liberally in favor of the plaintiff when considering a Rule 12(b)(6) motion.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  While the facts in the complaint should be liberally construed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

### IV.  ANALYSIS

Mr. Masek has seven motions that are ripe for consideration: (1) motion for recusal, (2) motion for leave to proceed in forma pauperis, (3) motion to issue summons, (4) motion for peremptory writ of mandate, (5) motion for reconsideration, and (6 & 7) two motions to take judicial notice.  Defendant's motion to dismiss is also ripe for consideration.  For the reasons stated below, the Court will deny all of Mr. Masek's motions.  The Court will then grant Defendant's motion to dismiss because Mr. Masek has neither established the Court's jurisdiction nor alleged sufficient facts to state a claim for relief.

#### A.  Mr. Masek's Motion for Recusal

In the present case, Mr. Masek alleges judicial bias and partiality because the Court: (1) was affiliated with the U.S. Attorney's Office for the District of Columbia in the Civil Division prior to joining the bench; and (2) the Court's "bias [sic] decision" in a previous case will lead to

"apparent or actual bias or prejudice" against Mr. Masek in the instant case.[4]  Pl.'s Mot. Recusal ¶ 1.  The Court will address the contentions in turn.

First, the Court's prior work for the U.S. Attorney's Office does not warrant recusal.  Pursuant to Section 455(b)(3), prior government work can only support recusal if the Court "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  28 U.S.C. § 455(b)(3); *In re Hawsawi*, 955 F.3d at 158, 160 (internal quotation marks and citation omitted).  The Court has neither participated in the proceeding in a manner outlined by Section 455(b)(3) nor expressed any opinions about the merits of the case.  *See generally* Pl.'s Mot. Recusal; *see also McKee v. U.S. Dep't of Just.*, 253 F. Supp. 3d 78, 81 (D.D.C. 2017) (holding that recusal was not appropriate despite the judge's previous employment at the Department of Justice because he "left the Department over fifteen years ago and had no involvement of any kind with this case or the predicate facts"), *aff'd per curiam*, 2018 WL 1388575 (D.C. Cir. Feb. 21, 2018); *see also Allphin v. United States*, 758 F.3d 1336, 1344 (Fed. Cir. 2014) ("mere prior association does not form a reasonable basis for questioning a judge's impartiality" (cleaned up) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985))).  Therefore, recusal is not warranted based on the Court's prior affiliation with the U.S. Attorney's Office.

Mr. Masek also argues that recusal is proper because an unfavorable ruling in a prior case creates the appearance of bias.  Pl.'s Mot. Recusal ¶ 1–2; *Masek v. Isonta*, No. 22-cv-00575, 2022 WL 19616212 (D.D.C. July 29, 2022); *Masek v. Baldwin*, No. 22-cv-00578.  However, an

---

[4] Mr. Masek also seeks in his complaint to have Judge Nichols, who presided over a different case that Mr. Masek brought, recused.  Pl.'s Mot. Recusal ¶ 1; *Masek v. Isonta*, No. 22-cv-00575, 2022 WL 19616212 (D.D.C. July 29, 2022).  In this opinion, the Court will only be addressing the issues that relate to the present case.

unfavorable ruling alone "almost never constitute[s] a valid basis for a bias or partiality motion" because judicial rulings are not "extrajudicial" sources of bias. *Stone*, 2020 WL 5653699, at *2 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, Mr. Masek fails to establish that recusal is necessary. In support of his assertion of bias, Mr. Masek included an email sent on March 10, 2023, notifying him of this Court's order dismissing *Masek v. Baldwin*, No. 22-cv-00578. *See* Pl.'s Mot. Recusal Exhibit C at 31, ECF 13-2. However, an unfavorable ruling can only support recusal if the decision "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Stone*, 2020 WL 5653699, at *2 (quoting *Liteky*, 510 U.S. at 555). Moreover, the Court did not preside over the other case that Mr. Masek mentioned in his motion. *See Masek v. Isonta*, 2022 WL 19616212; Pl.'s Mot. Recusal ¶ 1–2. An order issued by another court has no impact on this Court's ability to be impartial. Overall, Mr. Masek fails to allege sufficient facts of "deep-seated favoritism or antagonism," and he relies on conclusory allegations to support his motion for recusal. *Stone*, 2020 WL 5653699, at *1 (internal quotation marks omitted) (quoting *Tripp*, 104 F. Supp. 2d at 34). Therefore, Mr. Masek's motion for recusal is denied.

### B. Mr. Masek's Other Motions

The Court denies Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Motion to Issue Summons, Motion for Peremptory Writ of Mandate, Motion for Reconsideration, and both Motions to Take Judicial Notice. The Court will discuss each motion in turn.

#### 1. Motion for Leave to Proceed in Forma Pauperis

The Court will begin with Mr. Masek's Motion for Leave to Proceed in Forma Pauperis. 28 U.S.C. § 1915(a)(1) states that a court may authorize a litigant to proceed "without prepayment of fees or security therefor, by a person who *submits an affidavit that includes a*

*statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor*." 28 U.S.C. § 1915(a)(1) (emphasis added).  The D.C. Circuit has held that a litigant need not be "absolutely destitute" to proceed in forma pauperis.  *See McKelton v. Bruno*, 428 F.2d 718, 720 (D.C. Cir. 1970) (internal quotation marks omitted).  However, the litigant must submit an affidavit with financial information for the court to consider whether they qualify to proceed in forma pauperis.  *See Allen v. U.S. Dist. Ct. for the Dist. of Columbia*, No. 23-03851, 2024 WL 539007, at *1 (D.D.C. Jan. 25, 2024) (reviewing plaintiff's finances and finding the plaintiff had sufficient income and did not have significant debt, such that it would be improper to allow him to proceed in forma pauperis).  Here, the only information Mr. Masek attached to his motion to proceed in forma pauperis were emails to unknown recipients regarding his allegations of stalking.  *See* Pl.'s Mot. in Forma Pauperis at 3–5.  Because of the absence of any financial information, the Court denies Mr. Masek's motion to proceed in forma pauperis.

2. Motion to Issue Summons

Next, the Court denies Mr. Masek's Motion to Issue Summons for a similar reason.  Mr. Masek filed the motion requesting that "the Court Marshals summons remaining defendants" because he cannot afford to serve the remaining defendants.  *See* Pl.'s Mot. Summons at 1.  28 U.S.C. § 1915(d) requires service to be done by court officers for litigants proceeding in forma pauperis.  28 U.S.C. § 1915(d).  Thus, the Court sees this motion as duplicative of Mr. Masek's motion to proceed in forma pauperis, and it will likewise be denied.

3. Motion for Peremptory Writ of Mandate

Mr. Masek also filed a Motion for Peremptory Writ of Mandate.  From what the Court can glean from the filing, Mr. Masek seeks an unusual remedy that is predominantly found in

California state law. *See* Pl.'s Mot. Writ Mandate at 2–4. This remedy is, under very rare circumstances, also possible in federal court. The Supreme Court has stated that:

> [t]he peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy.

*Will v. United States*, 389 U.S. 90, 95 (1967) (citations omitted). Mr. Masek has not explained why a peremptory writ of mandate would be appropriate here or what inferior court he asks this Court to supervise. *See id.*; Pl.'s Mot. Writ Mandate. Defendant understood Mr. Masek's motion to request that the Court "rule on Plaintiff's ongoing litigation in the D.C. Circuit" where he seeks a writ of mandamus to resurrect other cases he has filed. Def.'s Opp'n Writ Mandate at 2. Evidently, this Court has no authority to enter a writ in a case pending before the D.C. Circuit, nor to supervise other cases before different judges in the district court.

The Court cannot discern any other coherent request in Mr. Masek's motion, and the second half of the motion is more accurately classified as an opposition to Defendant's motion to dismiss. *See* Pl.'s Mot. Writ Mandate at 4–10. Other parts of the motion discuss Privacy Act and *Bivens* claims that are not pleaded in Mr. Masek's amended complaint.[5] *See id.*; Amend. Compl. Because Mr. Masek's motion does not provide any explanation as to why the requested relief is warranted or even possible here, the Court denies Mr. Masek's Motion for Peremptory Writ of Mandate. *See Will*, 389 U.S. at 96 (holding that the burden is on the person seeking a

---

[5] Mr. Masek does allege that the federal official's conspiracy to deter his success in litigation caused a "deprivation of [his] constitutional rights." Amend. Compl. ¶ 10, at 7. However, Mr. Masek did not plead a *Bivens* claim, and even construing his pleadings liberally, he did not provide any support for his conclusory allegations of this conspiracy such that this Court could infer a violation of his constitutional rights.

writ to show "its right to issuance . . . is clear and indisputable") (internal quotation marks and citations omitted).

### 4. Motion for Reconsideration

Mr. Masek also filed a Motion for Catch All Provisions under Fed. R. Civ. P. 60(b)(6), seeking reconsideration of a final judgment. *See* Pl.'s Mot. Reconsideration. As Defendant notes, Mr. Masek is seeking reconsideration without "expressly identifying the final judgment at issue." Def.'s Opp'n Reconsideration and Judicial Notice at 1. There has not been any final judgment in this case. Instead, it appears that Mr. Masek may be asking the Court to reconsider the dismissal of *Masek v. Isonta,* No. 1:22-cv-00575, 2022 WL 19616212, at *1 (D.D.C. July 29, 2022). If so, the D.C. Circuit has already heard his contentions and concluded that dismissal was appropriate. *Masek v. Isonta*, No. 22-5257, 2023 WL 3090753, at *1 (D.C. Cir. Apr. 26, 2023), *cert. denied*, 144 S. Ct. 148 (2023). In any event, this Court would have no role in reconsidering a judgment from a different case before a different judge. The Motion for Reconsideration is denied.

### 5. Motions to Take Judicial Notice

Finally, the Court denies both of Plaintiff's Motions to Take Judicial Notice. Pl.'s First Mot. Judicial Notice; Pl.'s Second Mot. Judicial Notice. In nearly identical motions, Mr. Masek asks the Court to take judicial notice of what he labels a "[w]rit of [m]andate," a complaint from a different proceeding, and email communications. *See* Pl.'s First Mot. Judicial Notice; Pl.'s Second Mot. Judicial Notice. Defendant opposes both motions because the information is not relevant at the motion to dismiss stage. *See* Def.'s Opp'n Recusal and Judicial Notice; Def.'s Opp'n Reconsideration and Judicial Notice.

At the motion to dismiss stage, district courts may take judicial notice of facts from outside the complaint. *See Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011). A federal court may take judicial notice of "a fact that is not subject to reasonable dispute" if it either "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Hurd v. D.C., Gov't*, 864 F.3d 671, 686 (D.C. Cir. 2017) (quoting Fed. R. Evid. 201(b)). However, "the matters to be noticed must be relevant" to the motion to dismiss. *Whiting*, 637 F.3d at 364 (holding that materials supporting the facts asserted in the complaint were "irrelevant to disposition of the motion to dismiss, which turns on the adequacy of the well-pleaded factual allegations in the complaint, which are assumed to be true").

In his motions, Mr. Masek asks the Court to take judicial notice of pleadings filed in other lawsuits. *See* Pl.'s First Mot. Judicial Notice at 2–3; Pl.'s Second Mot. Judicial Notice at 2–3. A court may take judicial notice of public records outside the proceedings, such as past filings. *Covad Commc'ns Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts contained in public records of other proceedings). However, the decision to take judicial notice is within the discretion of the court. *Youkelsone v. FDIC*, 910 F. Supp. 2d 213, 221 (D.D.C. 2012). Further, if a court decides to take judicial notice of "publicly filed pleadings," the court cannot consider the factual matters within the pleadings as true. *See Capitol Servs. Mgmt, Inc. v. Vesta Corp.*, 933 F.3d 784, 789 (D.C. Cir. 2019) (finding that it was proper for the district court to take notice of pleadings for the fact that the plaintiff "believed those allegations to be true and viable as legal claims at the time they were made," and not for the factual truth of the pleadings).

Here, the Court agrees with Defendant that Mr. Masek's allegations are irrelevant at the motion to dismiss stage. *See* Def.'s Opp'n Recusal and Judicial Notice at 3–4. The complaint, writ of mandate, and emails that Mr. Masek wants the Court to take judicial notice of, do not demonstrate that he pleaded sufficient factual allegations in his complaint. Furthermore, while the Court may take judicial notice of pleadings filed in other cases, it can only do so to the extent it establishes that Mr. Masek believed the information to be true when he filed the complaint. *See Capitol Servs. Mgmt.*, 933 F.3d at 789. Because Mr. Masek fails to demonstrate the relevance of the attached information at the motion to dismiss stage, the Court denies his Motions to Take Judicial Notice, ECF Nos. 14 and 28.

### C.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant asserts multiple reasons that Mr. Masek's claims may be dismissed. For the following reasons, the Court agrees with Defendant that it does not have subject matter jurisdiction in the present case.

#### 1.  Mr. Masek's Claims are Patently Insubstantial

Mr. Masek's amended complaint is dismissed under Rule 12(b)(1) because it is "patently insubstantial" and does not present a "federal question suitable for decision." *Best*, 39 F.3d at 330 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). He alleges a vague, decades-long government conspiracy that involves several government officials and hundreds of unnamed defendants. Amend. Compl. ¶¶ 3–5, at 3.

Courts in this District have seen many suits alleging claims similar to Mr. Masek's, and these complaints are routinely dismissed under Rule 12(b)(1). *See Walsh*, 118 F. Supp. 3d at 27 (citing similar cases); *Bickford v. United States*, 808 F. Supp. 2d 175, 180 (D.D.C. 2011) (dismissing a complaint that claimed "federal officials [] conspired and engaged in systematic

torture, harassment, and surveillance"); *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (dismissing a complaint that alleged "the government launched a massive surveillance program" including "wiretaps," "tracking devices," and "an officer [being] stationed outside [plaintiff's] house . . . ."); *Williams v. Holiday Inn Washington, D.C. on the Hill,* 295 F. Supp. 2d 27, 29 (D.D.C. 2003) (dismissing a complaint that claimed the defendant attempted to murder the plaintiff by serving him a hamburger that made the plaintiff ill).  Even with the more lenient standard for pleadings filed by *pro se* plaintiffs, the complaint must contain allegations more than "insubstantial and fictitious claims." *Parker v. District of Columbia*, No. 21-cv-2523, 2023 WL 4824732, at *5–6 (D.D.C. July 27, 2023) (dismissing a complaint written by a *pro se* plaintiff because it solely includes "bizarre conspiracy theories" (internal quotation marks omitted)).

Here, Mr. Masek's complaint is merely his latest installment in a long string of lawsuits alleging peculiar government misconduct and is the kind of "bizarre conspiracy" that could be categorized as being "essentially fictitious." *Walsh*, 118 F. Supp. 3d at 22.  Consistent with general practice in this Circuit, the Court dismisses Mr. Masek's complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

2. Mr. Masek Failed to Allege Why Sovereign Immunity is Waived

In addition, with respect to Mr. Masek's stalking claims, "the Court may not exercise jurisdiction over the tort claims here unless there has been a clear waiver of sovereign immunity." *Gaskin v. May*, 15-cv-0033, 2023 WL 2239349, at *4 (D.D.C. Feb. 27, 2023) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  Not only has Mr. Masek failed to address waiver of sovereign immunity, his amended complaint also does not state what the cause of action is, such that a waiver could be inferred.  *See generally* Amend. Compl.  Defendant has viewed Mr.

Masek's claim as arising under the FTCA, *see* Def.'s Mot. Dismiss at 7–8, and the Court agrees this statute is the closest basis for jurisdiction here. *See Epps v. U.S. Att'y Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008) ("When a plaintiff seeks monetary damages against a federal agency for certain torts committed by federal employees, the only possible basis for court jurisdiction would be the [FTCA].").

The FTCA provides a limited waiver of sovereign immunity only after a plaintiff exhausts administrative remedies. 28 U.S.C. §§ 1346(b)(1), 2675(a); *see Norton v. United States*, 530 F. Supp. 3d 1, 5 (D.D.C. 2021) ("[E]xhaustion occurs once a claimant has presented the *appropriate* federal agency with a claim . . . and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing." (omission in original) (citation omitted)). Here, Mr. Masek has not provided any indication that he exhausted his administrative remedies. *See generally* Amend. Compl. Because exhaustion of administrative remedies is a jurisdictional requirement, this Court lacks subject matter jurisdiction to evaluate Mr. Masek's stalking claims under the FTCA and must dismiss these claims under Rule 12(b)(1).[6] *See Abdurrahman*, 168 Fed. App'x at 445.

\* \* \*

Defendant also seeks dismissal of Mr. Masek's amended complaint on the grounds that Mr. Masek has failed to state a claim for relief. Def.'s Mot. Dismiss at 4–5, 6–13. Courts in this

---

[6] Apart from the stalking claims, Mr. Masek's opposition to the motion to dismiss and his motion for peremptory writ of mandate contain arguments defending Freedom of Information Act, Privacy Act, and *Bivens* claims. *See* Pl.'s Opp'n at 11–14, 21–24; *see also* Pl.'s Mot. Writ Mandate at 6–10. But Mr. Masek does not plead any of these claims in the amended complaint, and "[a] plaintiff cannot amend his Complaint via an opposition brief to a motion to dismiss." *Gaines v. District of Columbia*, 961 F. Supp. 2d 218, 225 (D.D.C. 2013). To the extent Mr. Masek raised any of these claims in one of the prior complaints in this action, those complaints have been superseded by the amended complaint. *See Allen*, 2019 WL 2581323, at \*1 n.3. Consequently, these claims are not properly presented to the Court and need not be considered.

Circuit need not address a Rule 12(b)(6) motion after finding that dismissal is proper for lack of subject matter jurisdiction.  *See Ctr for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 90 (D.D.C. 2011) ("Faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the Rule 12(b)(1) motion because 'once a court determines that it lacks subject matter jurisdiction, it can proceed no further.'"(cleaned up) (quoting *Sledge v. United States*, 723 F. Supp. 2d 87, 91 (D.D.C. 2010))); *see also United States ex rel. Settlemire v. District of Columbia*, 198 F.3d 913, 920–21 (D.C. Cir. 1999) ("express[ing] no opinion on [the] merits" because dismissal was proper under Rule 12(b)(1) such that the court need not address the 12(b)(6) challenge).  As discussed above, Mr. Masek's complaint is patently insubstantial such that the Court lacks subject matter jurisdiction.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED**, Plaintiff's Motion for Recusal (ECF No. 13) is **DENIED**, Plaintiff's Motion to Take Judicial Notice (ECF No. 14) is **DENIED**, Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 18) is **DENIED**, Plaintiff's Motion to Issue Summons (ECF No. 21) is **DENIED**, Plaintiff's Motion for Peremptory Writ of Mandate (ECF No. 23) is **DENIED**, Plaintiff's Motion for Catch All Provisions (ECF No. 27) is **DENIED**, and Plaintiff's Second Motion for Judicial Notice (ECF No. 28) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: March 22, 2024                                                                    RUDOLPH CONTRERAS
                                                                                                           United States District Judge