**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| KARL MASEK, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-3574 (RC) |
| | : | | |
| v. | : | Re Document No.: | 34 |
| | : | | |
| UNITED STATES OF AMERICA, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

On March 22, 2024, this Court dismissed Plaintiff Karl Masek's *pro se* Amended Complaint against various local, state, and federal officials, as well as Defendant the United States ("Defendant"), in which he claimed he was subjected to "past stalking" and sought an injunction for "future stalking" and for conspiracy under 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2) and (3). *Masek v. United States*, No. 22-cv-03574, 2024 WL 1240093, at *1 (D.D.C. Mar. 22, 2024); Mem. Op., ECF No. 33. Mr. Masek now brings a motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6), asking this Court to amend or relieve him from that judgment. For the reasons discussed below, the Court denies Plaintiff's motion.

## II. FACTUAL BACKGROUND

On September 7, 2023, Mr. Masek filed an Amended Complaint alleging that Defendant engaged in a pattern of stalking and harassment between 2001 and 2023 in California and Maryland. Am. Compl. at 3, ECF No. 20-3. Mr. Masek also alleged that Defendant engaged in a conspiracy to "interfer[e] with [P]laintiff's litigation in and about the United States of America" in violation of 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2) and (3). *Id.* at 6. Mr.

Masek also filed a motion for recusal, a motion for leave to proceed in forma pauperis, a motion to issue summons, a motion for peremptory writ of mandate, a motion for reconsideration, and two motions to take judicial notice. Pl.'s Mot. Recusal, ECF No. 13; Pl.'s Mot. In Forma Pauperis, ECF No. 18; Pl.'s Mot. Summons, ECF No. 21; Pl.'s Mot. Writ Mandate, ECF No. 23; Pl.'s First Mot. Recons., ECF No. 27; Pl.'s Mot. Judicial Notice, ECF No. 14; Pl.'s Second Mot. Judicial Notice, ECF No. 28. Defendant opposed all of these motions, *see* Def.'s Opp'n Recusal and Judicial Notice, ECF No. 15; Def.'s Opp'n Writ Mandate, ECF No. 26; Def.'s Opp'n Recons. and Judicial Notice, ECF No. 30, and filed a motion to dismiss, *see* Def.'s Mot. Dismiss, ECF No. 20. On March 22, 2024, this Court granted Defendant's motion to dismiss and denied Mr. Masek's motions. Mem. Op. at 1.

The Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), finding that Mr. Masek's complaint was "patently insubstantial" and that the United States had not waived sovereign immunity. *Id.* at 7–8 (quoting *Walsh v. Comey*, 118 F. Supp. 3d 22, 25 (D.D.C. 2015)). Regarding Mr. Masek's motion for recusal, this Court found that its previous affiliation with the U.S. Attorney's office, without previous involvement in the case or an unfavorable ruling evincing deep-seated favoritism, was insufficient to warrant recusal. *Id.* at 10–11. The Court found that Mr. Masek's motion for leave to proceed in forma pauperis and his motion to issue summons could not be granted because he failed to submit the necessary supporting financial information. *Id.* at 11–12. Mr. Masek's motion for a peremptory writ of mandate lacked merit because there was no discernable explanation to warrant the relief. *Id.* at 12–13. This Court denied the motion for reconsideration because it could not be granted absent a final judgment at that juncture of the case. *Id.* at 14.

Mr. Masek's motions to take judicial notice also lacked merit because the relevant pleadings did not have a sufficiently reasonable relationship to the matter at hand at the motion to dismiss stage. *Id.* at 14–16. Mr. Masek's motions also included Privacy Act and *Bivens* claims that could not be considered because they were not pleaded in the Amended Complaint. *Id.* at 13. As such, this Court considered only facts and allegations presented in the Amended Complaint. Mr. Masek now asks this Court to reconsider its March 22, 2024, decision. Pl.'s Mot. Recons., ECF No. 34. Defendant opposes the motion. Def.'s Opp'n Pl.'s Mot. Recons., ECF No. 38.

## III. LEGAL STANDARDS

### A. Rule 59(e)

Under Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to amend or alter a judgment" may be only granted: "(1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) the judgment should be amended in order to correct a clear error or prevent manifest injustice." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotation marks omitted). In the context of Rule 59(e), "clear error" has specific standards, "tantamount to a requirement that the judgment [was] 'dead wrong.'" *McNeil v. Brown*, No. 17-cv-2602, 2019 WL 1003583, at *2 (D.D.C. Feb. 28, 2019) (quoting *Lardner v. F.B.I.*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)). Likewise, "manifest injustice" under Rule 59(e) is met if "a result . . . is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013).

Rule 59(e) motions are not opportunities to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). There must be extraordinary

circumstances to warrant reconsideration and the moving party bears the burden of establishing these circumstances. *See Schoenman v. F.B.I.*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012). The moving party must file this motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**B. Rule 60(b)**

Under Rule 60(b) of the Federal Rules of Civil Procedure, parties may seek relief from a final judgment for any of six enumerated reasons. The reasons include "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6).

Rule 60(b) motions are not opportunities to merely argue with the court's legal reasoning. *See Ward v. Kennard*, 200 F.R.D. 137, 139 (D.D.C. 2001). Relief under Rule 60(b)(6) may be granted only if the motion for relief is not "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)," *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988), and should only be granted in "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Extraordinary circumstances exist when a party shows "a more compelling showing of inequity . . . than under subsection (5)," *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988), that "presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust," *Salazar v. Dist. of Columbia*, 633 F.3d 1110, 1121 (quoting *Good Luck Nursing Home, Inc. v.*

*Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). "The party seeking relief under Rule 60 bears the burden of showing that he is entitled to the relief." *Green v. AFL-CIO*, 287 F.R.D. 107, 109 (D.D.C. 2012).

## IV. ANALYSIS

### A. Rule 59(e) Relief

Mr. Masek raises his Rule 59(e) motion within the required 28-day window but fails to establish that he is entitled to relief pursuant to the rule. Mr. Masek argues that the defendants—including individuals who were never properly served—are not entitled to qualified immunity, Pl.'s Mot. Recons. at 7–11, 22–24, 29–30, and that Department of Justice officials are liable for punitive damages, *id.* at 9. He largely copies text from his opposition to the motion to dismiss arguing that he is entitled to discovery, *id.* at 11–17, that the Court has subject matter jurisdiction, *id.* at 17–21, and that the defendants are liable under 42 U.S.C. §§ 1983 and 1985, *id.* at 21–26. Defendant asserts that Mr. Masek's motion is improper under Rule 59(e) because it rehashes his earlier arguments and fails to identify clear error in the Court's opinion. Def.'s Opp'n Pl.'s Mot. Recons. at 4–7. The Court agrees with Defendant.

Mr. Masek does not present valid grounds for reconsideration because his motion repeats arguments that this Court has already considered, and he does not show any change of controlling law, new evidence, or clear error. A majority of his motion addresses issues that did not form the basis of the Court's ruling, including qualified immunity, discovery, substantive liability, and damages. Rather, the Court concluded that Mr. Masek's Amended Complaint must be dismissed because the Court lacks jurisdiction over his patently insubstantial claims, and he did not allege facts indicating that the United States had waived its sovereign immunity. Mem. Op. at 16–19.

Mr. Masek's motion only briefly engages with the primary basis for dismissal of his Amended Complaint, namely federal caselaw indicating that a complaint "present[s] no federal question suitable for decision" when it is so "patently insubstantial" as to be "essentially fictitious." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (citations omitted); *see also* Mem. Op. at 16–17. Mr. Masek contends that one case the Court relied upon in its decision, *Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009), is too factually distinct to support the lack of substantiality in this case because the plaintiff there complained of wiretaps and not stalking. Pl.'s Mot. Recons. at 20–21. The Court concludes that it properly referred to *Tooley* for the proposition that federal courts habitually dismiss complaints alleging "campaign[s] of surveillance and harassment deriving from uncertain origins." 586 F.3d at 1010. Even if *Tooley* were inapposite, Mr. Masek's argument would not undermine the six other cases the Court cited nor the general legal principle underlying its conclusions. *See* Mem. Op. at 16–17. In addition, because Defendant cited *Tooley* when arguing in its motion to dismiss that the Court lacks jurisdiction over Mr. Masek's claims, Mr. Masek had the opportunity to raise the issue in his opposition but did not do so. *See* Def.'s Mot. Dismiss at 5-6, ECF No. 20-1; Pl.'s Opp'n Mot. Dismiss at 16–19, ECF No. 29. As such, Mr. Masek does not show "clear error" or "manifest injustice" in the Court's ruling. *Leidos*, 881 F.3d at 217 (citation omitted).

The Court additionally does not find in Mr. Masek's motion any argument that the Court committed clear error when it held that he alleged insufficient facts to show that the United States had waived sovereign immunity or that he has exhausted his administrative remedies as required under the Federal Tort Claims Act. Mem. Op. at 17–18. That reasoning formed an independent basis for the Court's dismissal of the Amended Complaint, further emphasizing the degree to which Rule 59(e) relief is not merited here.

Mr. Masek also asserts that the Court committed error in concluding that recusal was not warranted under 28 U.S.C. § 455. Pl.'s Mot. Recons. at 33–34. As discussed in the Court's memorandum opinion, Mr. Masek took issue with this Court's issuance of an order dismissing *Masek v. Baldwin*, No. 22-cv-578, and he pointed to an order in a case over which this Court did not preside. *See* Mem. Op. at 10–11. Mr. Masek raises those same issues in the motion for reconsideration. Pl.'s Mot. Recons. at 33–34. In its memorandum opinion, the Court observed that "an unfavorable ruling can only support recusal if the decision 'display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible.'" Mem. Op. at 11 (quoting *Stone v. U.S. Embassy Tokyo*, No. 19-cv-3273, 2020 WL 5653699, at *1 (D.D.C. Sept. 23, 2020)). The Court concluded that "Mr. Masek fails to allege sufficient facts of 'deep-seated favoritism or antagonism,' and he relies on conclusory allegations to support his motion for recusal." *Id.* (quoting *Stone*, 2020 WL 5653699, at *1). By rehashing these same issues without identifying facts or law the Court failed to consider, Mr. Masek does not carry his burden to show clear error or manifest injustice in the Court's ruling.

The remainder of Mr. Masek's motion largely parrots the opposition to the motion to dismiss. Mr. Masek offers no change of controlling law regarding this judgment, clear error, or new evidence. Mr. Masek therefore fails to show he is entitled to Relief under Rule 59(e).

**B. Rule 60(b)(6) Relief**

Mr. Masek additionally bases his motion on the catch-all provision of Rule 60(b)(6). *See* Pl.'s Mot. Recons. at 1. Defendant contends that he "does not meet his burden to show that any 'extraordinary circumstances' exist" that might justify relief under the Rule. Def.'s Opp'n Pl.'s Mot. Recons. at 7. The Court concludes that Mr. Masek is not entitled to Rule 60(b)(6) relief.

As noted above, Rule 60(b)(6) empowers a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citation omitted). "[P]laintiffs must clear a very high bar to obtain relief under Rule 60(b)(6)." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007). Yet Mr. Masek cannot challenge a mistake of law under Rule 60(b)(6), as that catch-all provision "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). The Supreme Court recently clarified that "a 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Id.* at 533–34. Thus, to the extent Mr. Masek asserts the Court erred in its conclusions, he must make that challenge under Rule 60(b)(1).

Even if the Court construes his motion as invoking Rule 60(b)(1), Mr. Masek is still not entitled to relief. It is true that Rule 60(b)(1) reaches "all mistakes of law made by a judge." *Id.* at 534. This Court concluded in its analysis under Rule 59(e), however, that Mr. Masek does not show any errors in the Court's reasoning related to its subject matter jurisdiction, the Government's sovereign immunity, or the Court's need to recuse. For these reasons, Mr. Masek's motion fails under Rule 60(b) as well.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 34) is **DENIED.** An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 11, 2024

RUDOLPH CONTRERAS
United States District Judge